UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWIN RODRIGUEZ | : | |
| | : | |
| vs. | : | CA 04-285-ML |
| | : | |
| UNITED STATES | : | |

**MEMORANDUM AND ORDER**

Mary M. Lisi, United States District Judge.

Edwin Rodriguez has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. For the reasons stated below, the motion is denied.

BACKGROUND AND TRAVEL

On October 19, 2001 law enforcement agents arrested Rodriguez for drug possession after observing him remove a container from the trunk of his girlfriend's vehicle and place it in a public library van then under his control. In a subsequent search of the container and the van the agents found 242 glassine bags containing heroin and $2,510 cash.

A federal grand jury subsequently returned a one-count indictment against Rodriguez for possessing with intent to distribute "a mixture and substance containing a detectable amount of heroin" in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. The indictment did not specify a drug quantity. While testifying at the grand jury proceedings, one of the arresting agents estimated the amount of heroin possessed by Rodriguez to be "in the 45-50 gram range," which he believed to be consistent with an amount possessed by "a mid-level dealer." See Transcript of Grand Jury Testimony of Agent Robert Donovan, given on December 12, 2001 ("Grand Jury Tr."), excerpt attached as Exhibit A to the Memorandum of Law in Support of

Government's Objection to Petitioner's Motion to Vacate, Set Aside or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Gov't Response Memo") at 10-11, 12. The actual amount of heroin was later determined to be 4.09 grams.

Rodriguez, through his retained counsel, Attorney Thomas Connors,[1] entered into a plea agreement to plead guilty before this Court to the offense charged. The plea agreement provided *inter alia* that the Government would not file a sentencing enhancement information pursuant to 21 U.S.C. § 851 on the basis of Rodriguez's prior drug convictions. Plea Agr. ¶ 2.d. At the change of plea hearing, two minor modifications to the plea agreement were made at the Court's suggestion: (1) a sentence was added to ¶ 5 stating that the defendant agreed that the Government could prove the facts of his offense, including the amount of heroin, beyond a reasonable doubt; and (2) the reference in ¶ 2 to a minimum mandatory term of imprisonment was deleted, since no mandatory minimum sentence was applicable to the offense charged. See Transcript of Edwin Rodriguez Change of Plea Hearing Conducted on April 11, 2002 ("Plea Tr.") at 3-4, 13-15. Each of the interlineated amendments was initialed by Rodriguez, his counsel and the Government attorney, and the amended plea agreement was filed at the conclusion of the hearing. At the hearing Rodriguez pled guilty to the offense charged.

The pre-sentence investigative report ("PSR") determined that Rodriguez was a career offender, based on three prior state drug convictions. Pursuant to the Career Offender Guideline, USSG § 4B1.1, Rodriguez's offense level was calculated at 29, after a three-point deduction for

---

[1] Although the motion to vacate also names Rodriguez's appellate counsel, Attorney Thomas M. Dickinson, virtually all of Rodriguez's ineffective assistance claims arise from the actions of trial counsel, and except as indicated infra at footnote 11, the Court treats them as such.

acceptance of responsibility. With a criminal history level of VI, this resulted in a Guideline range of 151-188 months. See PSR at ¶¶ 22-24, 35, 48. At the continued sentencing hearing on July 18, 2002,[2] this Court heard and denied Rodriguez's motion for downward departure based on the small amount of drugs seized. The Court then sentenced Rodriguez to 151 months imprisonment, the minimum term of imprisonment under the applicable Guideline range, followed by five years of supervised release. See Transcript of Edwin Rodriguez Sentencing Hearing conducted on July 18, 2002 ("7/18/02 Sen. Tr.") at 25-26.

Rodriguez appealed, principally challenging the denial of his motion for downward departure. The Court of Appeals summarily affirmed the conviction. See United States v. Edwin Rodriguez, Dkt. No. 02-1924, Judgment (1st Cir. March 26, 2003) ("Appeals Judgment"). The Court of Appeals noted that this Court's refusal to depart was a valid exercise of discretion which it could not review and that the Government's lawful selection of Rodriguez for federal prosecution was in any event not a valid basis to grant a downward departure. Id. at 1. Rodriguez's request for rehearing and rehearing *en banc* was denied in June 2003.

Rodriguez subsequently filed the instant §2255 motion to vacate, asserting that both his trial and appellate counsel rendered ineffective assistance. (Motion to Vacate ¶¶ 1-2.) The Government filed its Objection to the motion to vacate,[3] and Rodriguez thereafter submitted a

---

[2] During the initial sentencing hearing on June 28, 2002, Rodriguez's counsel had objected *inter alia* to the inclusion of the $2,510 cash seized in the calculation of the drug quantity. See PSR at ¶¶ 22-24, 35. This Court denied that objection and upheld the calculation, but noted that Rodriguez's Guideline range was ultimately determined by his status as a career offender rather than by drug quantity. See Transcript of Edwin Rodriguez Sentencing Hearing conducted on June 28, 2002 ("6/28/02 Sen. Tr.") at 24-25. The Court then continued the hearing to permit Rodriguez's counsel to file a motion for downward departure. Id. at 27-28.

[3] The Court construes the Government's Objection and accompanying Memorandum as the answer required by Rule 5(a) of the Rules Governing Section 2255 Proceedings. This disposes of Rodriguez's claim (see Reply at 1) that the Government has not filed a proper answer under those Rules.

"Response to the Government's Motion [sic]" ("Reply") and with this Court's permission, a Supplemental Response to the Government's objections ("Supplemental Reply").

In his motion and supporting papers Rodriguez claims that his counsel: (1) failed to object to the sentencing judge's improper participation in the plea agreement in violation of Fed. R. Crim. P. 11(c)(1) (Motion to Vacate ¶3); (2) failed to challenge the discrepancy between the drug amount attributed to him in the grand jury proceedings and the amount actually seized (id. at ¶ 8); (3) failed to object to the Government's recommendation of an enhanced sentence based on his career offender status, notwithstanding its promise in the plea agreement not to seek an enhancement pursuant to 21 U.S.C. §851 (id. at ¶7); and (4) allowed him to be sentenced in violation of the Sixth Amendment and the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2005) (id. ¶¶ 3-4).

Although Rodriguez requests an evidentiary hearing, the Court has determined that no hearing is necessary before ruling on Rodriguez's claims, as all of the pertinent facts are contained in the files and records of this case, which conclusively establish, in light of the pertinent legal principles, that the claims in the petition are without merit. See United States v. David, 124 F.3d 470, 477 (1st Cir. 1998) ("Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief . . .")(internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978)(no hearing required where district judge is thoroughly familiar with case).[4]

---

[4] The Court also denies Rodriguez's request for appointment of counsel included in his motion to vacate. Even apart from his failure to file the necessary financial documentation for this request, the Court finds that the interests of justice do not require the appointment of counsel in this proceeding, particularly where the Court has determined there is no need for an evidentiary hearing. See 28 U.S.C. §3006A(a)(2)(A)(where "court determines that the interests of justice so require, representation may be provided"). See Ellis v. United States, 313 F.3d 636, 652-653 and n.10 (1st Cir.2002)(no constitutional

DISCUSSION

A. General Principles

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255, ¶ 1.

Generally, the grounds justifying relief under §2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185, 99 S.Ct. 2235 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.")(internal quotes omitted).

Moreover, a motion under §2255 is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See also Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). Claims of ineffective assistance of counsel, however, are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

right to counsel in postconviction proceedings; appointment of counsel in such proceedings is discretionary with reviewing court). As noted above, all of the pertinent facts and claims are before the Court, and the Court is familiar with the underlying criminal case on which those claims are based.

Ineffective Assistance Claims

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate two criteria:

(1) That his counsel's performance "fell below an objective standard of reasonableness;" and,

(2) "[A] reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. Untied States, 127 F. Supp. 2d 276, 279 (D. R.I. 2001), citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993).

In assessing the adequacy of counsel's performance:

> [T]he court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F. Supp.2d 63, 66 (D.R.I. 1998), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688. This means that the defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985).

Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693. Where his conviction follows a guilty plea, a petitioner must show "a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 371.

With the foregoing principles in mind, the Court reviews Rodriguez's claims.

B. Alleged Judicial Participation in Plea Negotiations

Rodriguez first claims that his counsel failed to object to this Court's participation in the negotiation of the plea agreement in violation of Fed. R. Crim. P. 11(e)(1).[5] Although Rodriguez does not specify, this claim appears to stem from certain minor modifications to the plea agreement suggested by the Court during the change of plea hearing. There was no improper judicial participation.

As the First Circuit has noted, the rule 11 prohibition against judicial participation in the plea agreement process "'simply commands that the judge not participate in, and remove him or herself from, any discussion of a plea agreement that has not yet been agreed to by the parties in open court.'" United States v. Bierd, 217 F.3d 15, 19 (1st Cir. 2000), quoting United States v. Bruce, 976 F.2d 552, 556 (9th Cir. 1992); id. at 19-21 (reviewing types of judicial comments that would constitute improper participation or interference in the plea bargaining process)

Here, this Court was presented at the change of plea hearing with fully negotiated, written plea agreement. The two modifications suggested by the Court were technical in nature. The Court's first suggestion -- that the plea agreement include a sentence stating that the Government could prove all of the facts concerning the quantity of drugs seized (4.09 grams), see Plea Tr. at 3-4 -- did not infringe on Rodriguez's rights, as he agreed then, and continues to insist now, that

---

[5] At the time of the plea, Fed. R. Crim. P. 11(e)(1), provided in pertinent part: "The court shall not participate in any discussions between the parties concerning any . . . plea agreement." Although the rule has subsequently been amended, the Court herein refers to the provision as it appeared at the time of Rodriguez's plea and sentencing.

this was the correct amount. The Court's other suggestion -- that the reference to a minimum mandatory term of imprisonment be deleted (to reflect what was in fact the case), see id. at 13-15 -- likewise does not constitute judicial participation in the negotiation of the plea agreement. Neither of these limited suggestions came close to coercing defendant to either accept or reject his plea agreement, and Rodriguez did not object to these modifications or request his counsel to do so. Compare United States v. Pagan-Ortega, 372 F.3d 22, 27-28 (1st Cir. 2004)(finding no improper judicial participation even where judge informed defendant of the benefits of a plea agreement that had not yet been reduced to writing).

Because the Court's suggestions do not constitute improper judicial participation in the plea negotiations, Rodriguez falls far short of showing his counsel's performance was deficient for not objecting to those suggestions, and he cannot satisfy even the first prong of Strickland. See 466 U.S. at 683. Furthermore, even if counsel could somehow be faulted for failing to object to the Court's comments, Rodriguez suffered no prejudice whatsoever from the modifications. He does not suggest that but for the Court's comments he would not have pleaded guilty. See Hill, 474 U.S. at 59. See also Fed. R. Crim. P. 11(h)(2002)("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). Thus, this claim fails.[6]

C. Effect of Erroneous Grand Jury Testimony Regarding Quantity of Drug Seized

Rodriguez also claims that the arresting agent's inaccurate grand jury testimony that the

---

[6] The case cited by Rodriguez in his Reply on this point, United States v. Adams, 634 F.2d 830 (5th Cir. 1981), does not assist his claim. The case is distinguishable in several respects, none of which are present here: it is a pre-Guidelines case; the sentencing judge held two off-the-record conferences concerning defendant's plea while plea discussions were still ongoing and then rejected a proposed plea agreement as too lenient; the defendant subsequently had a jury trial and was convicted. Even on these facts, the Court of Appeals found insufficient prejudice to defendant to warrant reinstatement of the plea agreement and merely remanded for sentencing before a different judge. Id. at 842-843.

amount of heroin seized from Rodriguez was approximately 40-50 grams, which amount was characteristic of a "mid-level dealer," rendered those proceedings fundamentally unfair and tainted the subsequent criminal proceedings, in violation of his Sixth Amendment rights, and that his counsel was ineffective in failing to raise this point. The thrust of this claim appears to be that had the true amount of heroin (4.09 grams) been known at the outset, Rodriguez would not have been prosecuted in the federal courts and that his counsel should have challenged his prosecution on this basis.

This claim cannot prevail for several reasons. First, the record contradicts the factual predicate of this claim. Rodriguez's counsel filed a motion for downward departure, the basis of which was that the relatively small amount of heroin actually seized was atypical in a federal prosecution, and then argued that motion at sentencing. See 7/18/02 Sent. Tr. at 3-10. This Court rejected that argument and accepted the Government's explanation that other factors -- including Rodriguez's criminal history, the cash and number of glassine packets (242) seized -- influenced its determination to prosecute him. Id. at 10, 13-15. In affirming this ruling, the First Circuit noted that the Government's lawful selection of the defendant for federal prosecution was not an appropriate basis for downward departure. Appeals Judgment at 1.

Second, the challenge that Rodriguez contends his counsel failed to make is at odds with First Circuit precedent. "'[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants.'" United States v. Soto-Beniquez, 356 F.3d 1, 24 (1st Cir. 2004) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369 (1988)). In Soto-Beniquez, the Court of Appeals found that the unknowing presentation of perjured testimony by a grand jury witness (concerning the witness's presence at several murders for which defendant was charged) was harmless and did

not warrant remedial action, where a superseding indictment was obtained that was not based on the perjured testimony and the testimony was not used at trial. Id. at 24-25. This decision undercuts any grand jury-based challenge to the indictment here, where the agent's grand jury testimony was erroneous (but not necessarily perjurious) and where (contrary to Rodriguez's contention) the indictment did not specify any amount of heroin, let alone 40-50 grams but rather was based on evidence of the agents' direct observation of Rodriguez's inter-vehicular transfer of the box containing drugs and his subsequent denials of that transfer. Thus, counsel did not render ineffective assistance by failing to assert a losing claim on behalf of Rodriguez. See United States v. Ventura-Cruel, 356 F.3d 55, 61 (1st Cir. 2003) (defense counsel's failure to raise meritless legal argument does not constitute ineffective assistance of counsel); Acha v. United States, 910 F.2d 28, 32 (1st Cir.1990) (same).

For the same reasons, there was no prejudice to Rodriguez from the erroneous grand jury testimony. See Strickland, 466 U.S. at 694. Moreover, as Rodriguez's own papers show, the true drug quantity was disclosed to defense counsel during the course of plea negotiations and *prior to* the signing of the plea agreement. See letter dated March 23, 2002 from AUSA Henry K. Kopel to Attorney Thomas Connors, Exhibit 2 to Petitioner's Supplemental Reply. Thus, at the time he signed his plea agreement, Rodriguez and his counsel were fully aware of the amount of drugs on which the plea agreement was based.

In short, Rodriguez's claims concerning the effect of the arresting agent's grand jury testimony do not entitle him to relief.[7]

---

[7] Rodriguez's further argument that the agent's testimony so tainted the grand jury proceedings as to deprive this Court of jurisdiction to hear his criminal prosecution is spurious. "'Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment' is sufficient to invalidate a subsequent conviction. . . . The government's unknowing presentation of [erroneous] testimony before the grand jury is not a defect of that magnitude

D. Calculation of Enhanced Sentence

Rodriguez further claims that his counsel rendered ineffective assistance in failing to challenge the Government's "bad faith" in seeking a sentence based on his criminal history after agreeing not to file a sentencing enhancement information pursuant to 21 U.S.C. § 851. See Reply at 4-6, 9-11. The Government's sentencing recommendation was based on the PSR's calculation of Rodriguez's sentencing range under the Guidelines career offender provision, § 4B1.1. See PSR ¶ 22.

The short answer to this contention is that its underlying premise has been squarely rejected by the First Circuit. In United States v. Frisby, 258 F.3d 46 (1st Cir. 2001), defendant argued that although the government abided by its plea agreement not to file a § 851 information seeking a sentencing enhancement due to prior drug convictions, it nonetheless violated the agreement by using his criminal history to seek an increased sentence under the Career Offender Guideline. The Court of Appeals noted that this claim "muddles the distinction between § 851 and § 4B1.1," and found that while a § 851 information is required to enhance the *statutory* maximum penalty based on prior convictions, "an information is not required or even relevant when the government seeks a penalty ... based on the defendant's career offender status under the *guidelines*." Id. at 51 (emphasis added), citing Suveges v. United States, 7 F.3d 6, 9 (1st Cir. 1993).[8]

Here, as in Frisby, Rodriguez's claim confuses the Government's promise not to file a

---

on these facts." Soto-Beniquez, 356 F.3d at 25, quoting United States v. Reyes-Echevarria, 345 F.3d 1, 4 (1st Cir.2003) (in turn quoting Midland Asphalt Corp. v. United States, 489 U.S. 794, 802, 109 S.Ct. 1494 (1989)).

[8] While Frisby involved a direct appeal, its holding on this issue is fully applicable to the instant § 2255 proceeding, particularly where the Suveges decision, cited in connection with that holding, involved a § 2255 motion to vacate. See Suveges, 7 F.3d at 9.

§ 851 sentencing enhancement information with its recommendation of a sentence based on the Career Offender Guideline. As agreed, the Government refrained from filing any § 851 information. Separate and apart from this, Rodriguez's three prior drug felony convictions triggered the calculation of his offense level under the Career Offense Guideline, § 4B1.1, with a resulting Guideline range of 151–188 months on which the Government's recommendation of 151 months was based.

Moreover, like the defendant in Frisby, Rodriguez actually benefitted from his plea agreement notwithstanding the Government's plea recommendation, since, as noted at sentencing, had a § 851 information been filed, the pertinent Guideline sentencing range would have been 21-22 years – some 8-10 years longer than the maximum penalty under the applicable sentencing range. See 7/18/02 Sen. Tr. at 18. The Court explained this to Rodriguez at his sentencing, and he indicated he understood. Id. at 20. Moreover, the actual sentence imposed was at the lowest end of his sentencing range.

It follows that Rodriguez's counsel was in no way remiss in failing to allege that the Government had somehow reneged on its plea agreement, nor was Rodriguez misled or prejudiced in any way. Thus, this ineffective assistance claim fails.[9]

---

[9] Rodriguez's averments concerning his counsel's assurances that his prior convictions would not be used to enhance his sentence and that his anticipated sentence would be 36 months, see Affidavit attached to Rodriguez's Reply ("Petit. Aff.") at ¶¶ 1-4, likewise fail to warrant relief. First Circuit law is clear that "[a]n attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test." United States v. Labonte, 70 F.3d 1396 (1st Cir. 1995), rev'd on other grounds, 520 U.S. 751, 117 S.Ct. 1673 (1997); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1993). Moreover, Rodriguez does not allege that had he been advised of the career offender provision he would not have pled guilty – nor would such an allegation have in any event been believable, since if he declined his plea agreement, the Government would have been free to file a § 851 information that would have substantially increased the maximum penalty for his offense. In addition, Rodriguez was advised both in his plea agreement and by this Court that the maximum penalty he faced could be more than that estimated by his counsel or recommended by the Government. See Amended Plea Agr. at ¶ 10; Plea Tr. at 13, 18-19.

E. Blakely Claims

Rodriguez further claims that he was sentenced in contravention of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) (See Motion to Vacate at ¶¶4, 5.) He asserts, incorrectly, that his enhanced sentence was invalid because the enhancement was not determined by a jury and that this error was jurisdictional so as to warrant § 2255 relief. (See Reply at 13-16.)

This claim may be quickly put to rest. Since the instant motion to vacate was filed, the Supreme Court has decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005),[10] so that "Blakely claims are now viewed through the lens of [Booker]." Cirilo-Munoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005). The First Circuit has noted, as have other circuits, that Booker is not retroactive to convictions that were final when that case was decided. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) and cases cited (§ 2255 petitions are unavailable to advance Booker claims in the absence of Supreme Court decision rendering Booker retroactive). See also United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005) (acknowledging same, citing Cirilo-Munoz). Rodriguez's conviction became final when his time to seek certiorari from the Supreme Court expired in 2003, prior to both Booker and Blakely, and thus neither case applies.

Retroactivity aside, Booker does not help Rodriguez in any event, as his sentencing enhancement was based on prior drug convictions which he did not contest, and there were no other factual findings by this Court at sentencing. See Booker, 125 S.Ct. at 756. Thus, this claim

[10] Booker reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum penalty authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," and declared the Guidelines to be constitutional only to the extent that they are advisory rather than mandatory for sentencing judges. Booker, 125 S.Ct. at 756 (emphasis added).

fails.

The Court has reviewed Rodriguez's other arguments and finds them to be without merit.[11]

CONCLUSION

In view of the foregoing considerations, the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

So Ordered:

Mary M. Lisi
United States District Judge
March 21, 2006

[11] Although Rodriguez purports to assert a claim of ineffective assistance by his appellate counsel, he makes no effort to develop this claim, apart from a passing comment in his Reply that his "appellate counsel improperly culled the issues presented on appeal" without elaboration. This falls far short of presenting a claim for this Court to review in this proceeding, and the claim is deemed waived. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001)(undeveloped ineffective assistance of counsel claim raised in a perfunctory manner in § 2255 proceeding deemed waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)(arguments not developed on appeal are deemed waived). Moreover, Rodriguez has not identified any issue or argument which, if raised as part of his direct appeal, would have likely succeeded.